Thomas H. Billingslea, Jr. [SBN 144483] Chapter 13 Trustee
Kathleen A. Cashman-Kramer [SBN 128861] Staff Attorney
401 West A Street, Suite 1680
San Diego, CA 92101
(619) 233-7525 (Phone)
(619) 233-7267 (Fax)
billingslea@thb.coxatwork.com (email)

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:                                                  )         Case No.: 16-07181-LT13
                                                        )
  Julio Werner Mayen                                    )         **CHAPTER 13 TRUSTEE'S OBJECTION**
                                                        )         **TO CONFIRMATION AND MOTION TO**
                                                        )         **DISMISS WITH 180-DAY BAR FROM RE-**
                          Debtor(s))                    )         **FILING CHAPTER 13**
                                                        )
                                                        )         DATE:   February 21, 2017
                                                        )         TIME:   2:00 pm
                                                        )         DEPT.:  3
                                                        )

The Trustee objects to confirmation of the proposed Chapter 13 plan and respectfully requests the Court deny confirmation and dismiss this case with 180-Day Bar from re-filing Chapter 13.

**Debtor Failed to Make Plan Payments**: §1326 &§1307(c)(4)

Debtor failed to timely make the monthly plan payments to the Trustee. One of the fundamental tenants of Chapter 13 Bankruptcy is the ongoing monthly plan payments. Debtor's plan payments are due on the 28th of each month. Debtor has made 0 out of 1 plan payments.

**Debtor has no regular income, hence Debtor is not eligible to be a Chapter 13 Debtor and The Plan is Not Feasible**: §1325(a)(6), §109(e).

Debtor's Schedule J (ECF #18) and Debtor's statement at the 341 Meeting on January 6, 2017 indicated that Debtor is self-employed, but has no income. Therefore he has no regular income to be a "debtor" under the Bankruptcy Code. In turn, he is not eligible to be a debtor under §109(e).

- 1 -                                                                              THB/bv

The Trustee cannot recommend confirmation where the Debtor's net monthly income on Line 23c of Schedule J (ECF #18, pg. 35) reflects $0.00, and has listed a negative budget of $1,585. **The plan is incomprehensible or internally inconsistent and the Trustee cannot administer it in current format:**

Debtor's plan (ECF #20) contains numerous errors. No plan payment is scheduled thus unknown plan length. Section 2.3 of Plan reflects that "payments are not needed due to false creditors." Debtor has listed an "alleged" mortgage claim of $1,088,000 under Schedule F (ECF #18, pg. 23) as unsecured, with no plan treatment. Section 4.8 reflects a claim for the Franchise Tax Board, but is not listed in schedules.

**The Plan is not proposed in good faith or does not comply with Code provisions.**

1. Debtor is a repeat filer. According to the Court's docket, Debtor filed two prior Chapter 13 bankruptcy petitions which were dismissed, (13-01660-LT13, and 16-05104-LT13). Debtor has demonstrated a pattern of not being able to prosecute a case to confirmation and /or completion. Debtor's repeat filings demonstrate a lack of good faith[1].

2. Debtor has failed to provide the Trustee with the required supporting documents, including any income to support a feasible plan. Debtor filed a Declaration on the docket (ECF #17) stating that he is not required to file tax returns for 2014 and 2015 due to low income.

3. Unreasonable delay. Debtor stated at the 341 Meeting on January 6, 2017 that he filed this case and the prior case to stop a foreclosure of his real property. However, Debtor provides no ability to present a feasible plan that the Court could approve.

Mayen - 16-07181-LT13

---

[1] *In re Glauser*, 2007 WL 2221413 (Bankr. E.D.Pa) citing *In re Oglesby*, 158 B.R. 602 (E.D.Pa. 1993). In *Glauser*, the Court noted the factors considered by the *Oglesby* Court in measuring the good faith of repeat filings: (1) length of time between the prior cases and the present one; (2) whether the successive cases were filed to obtain favorable treatment afforded by the automatic stay; (3) effort made to comply with prior case plans' (4) Congress's intent debtor avhive his goals in a single case' (5) any other facts the court finds relevant relating to the debtor's purpose in making successive filings. "While there is no per se rule against serial filings, see *Johnson v. Home State Bank*, 501 U.S. 78, 87-88 (1991), where the subsequent case is a mere continuation of the prior case and is filed solely to circumvent an adverse ruling by the court, bad faith is implicated." *Glauser* at 3.

THB/bv

4. Debtor has failed to produce a valid Social Security Card.

## CONCLUSION

For the aforementioned reasons, the Trustee respectfully requests the Court deny confirmation and dismiss the case with 180-Day Bar against re-filing another Chapter 13.

Dated: January 11, 2017

Respectfully Submitted,

Thomas H. Billingslea, Jr.,
Chapter 13 Trustee

Mayen
16-07181-LT13

- 3 -

THB/bv